IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARLA JO EILER,

    Plaintiff

vs.                                                CIV 09-0176 KBM

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

    Defendant.

# MEMORANDUM OPINION AND ORDER

Pursuant to the Court's briefing schedule order, Plaintiff filed a motion to reverse or remand. *See Docs. 13, 15.* Thereafter, the Commissioner filed an unopposed motion to remand under Sentence 4 of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). *See Doc. 18.* Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 4, 7.*

> "[T]he exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of [42 U.S.C.] § 405(g)." *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). "Under sentence four, a district court may remand in conjunction with a judgment affirming, modifying, or reversing the

> Secretary's decision.  Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision. . . ." *Melkonyan v. Sullivan,* 501 U.S. 89, 99-100 (1991).  A sentence-four remand requires the district court to enter a final judgment at the time of remand, while with a sentence-six remand, a final judgment is not entered until the remand proceedings are completed and the matter returns to the court.  *See Schaefer,* 509 U.S. at 297; *Melkonyan,* 501 U.S. at 102.  A sentence-four remand "terminates the litigation with victory for the plaintiff," while a sentence-six remand does not.  *Schaefer,* 509 U.S. at 301, 113 S.Ct. 2625.

*McGraw v. Barnhart,* 450 F.3d 493, 496 n.1 (10th Cir. 2006).

Having reviewed the record and the parties' submissions, I agree that the agency decision is not supported by substantial evidence.[1]  Upon remand, the ALJ will re-evaluate the opinions of Dr. Eligio Padilla and Dr. Clifford Morgan.  The ALJ should evaluate these opinions in accordance with 20 C.F.R. § 416.927.  In doing so, the ALJ will provide specific reasons for accepting or rejecting Dr.

---

[1] *C.f., Doc. 18* at 1 ("the Commissioner submits that a remand is needed in the present case so that the administrative law judge (ALJ) ***can properly evaluate*** the severity of Plaintiff's alleged impairments in accordance with the procedure set forth by relevant case law, regulations, and rulings.") (emphasis added); *see also e.g., Tower v. Barnhart,* 89 Fed. App'x 186, 188-89 (10th Cir. 2004) ("In this case, the district court's order remanding the case to the agency did not pass on the merits of the Commissioner's decision.  Therefore, it does not qualify under sentence four, and the case must be remanded for the district court to evaluate the merits of the administrative decision."); *Huff v. Apfel,* 2000 WL 1022270 * at 2 (10th Cir. 2000) ("The court made no substantive ruling on the correctness of the Commissioner's decision, which is a necessary prerequisite to a sentence four remand. . . .  Because the district court's order contained no substantive ruling on the merits of the Commissioner's decision, but merely remanded the action to the agency for further proceedings, it was not a proper sentence four remand.").

Padilla's and Dr. Morgan's opinions and state the weight assigned to such opinions. If necessary, the ALJ will determine a new residual functional capacity based on the reevaluation of Dr. Padilla's and Dr. Morgan's opinions.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion to reverse or remand *(Doc. 15)* is DENIED AS MOOT, and the Commissioner's unopposed motion to remand under Sentence 4 *(Doc. 18)* is GRANTED.  This matter is remanded to the Commissioner for further proceedings consistent with this Memorandum Opinion, and a final order will enter concurrently herewith.

 _____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.